IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 24, 2007**

Charles R. Fulbruge III
Clerk

No. 06-60348
Summary Calendar

CHI LIN,

Petitioner,

v.

PETER D. KEISLER, ACTING U.S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A96 041 848

Before HIGGINBOTHAM, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Chi Lin petitions for review of the final order of the Board of Immigration Appeals (BIA) that affirmed the denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Lin argues that the BIA erred in finding that he is not eligible for asylum based on this court's decision in Zhang v. Ashcroft, 395 F.3d 531, 532 (5th Cir. 2004). Lin argues that unlike Zhang, he has established that he was arrested,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

detained, and beaten because he refused to tell family planning officials where his pregnant girlfriend was hiding so that they could force her to have an abortion. He contends that his conduct constituted "other resistance" to a coercive population control policy, thereby making him eligible for asylum.

Lin must show that he suffered "persecution" to obtain relief. See Chen v. Ashcroft, 381 F.3d 221, 233 (3d Cir. 2004). Lin has not shown that the evidence he presented is so compelling that no reasonable factfinder could fail to find past persecution. See Jukic v. I.N.S., 40 F.3d 747, 749 (5th Cir. 1994); see also Chen, 381 F.3d at 234-35 (past persecution does not cover a forced abortion of petitioner's girlfriend, the denial of a marriage license, and beatings that did not result in any injuries that required medical treatment,); Nelson v. I.N.S., 232 F.3d 258, 264 (1st Cir. 2000) (three episodes of solitary confinement of less than 72 hours each and physical abuse not requiring medical attention were not "past persecution"); Prasad v. I.N.S., 47 F.3d 336, 339-40 (9th Cir. 1995) (when petitioner was arrested and detained four to six hours, hit on the stomach, and kicked from behind, and no medical treatment was required, this was not past persecution); Kapcia v. I.N.S., 944 F.2d 702, 704-08 (10th Cir. 1991) (persecution not found where one applicant was "arrested four times, detained three times, and beaten once," and another was detained twice, once for a two-day period where he was interrogated and beaten). Although in Ma v. Ashcroft the Ninth Circuit held that a man could seek asylum for fear of being persecuted for the pregnancy of his girlfriend, in that case the couple had married in a traditional Chinese ceremony despite the Government's refusal to recognize their marriage due to their young age. 361 F.3d 553, 555, 561 (9th Cir. 2004). We have denied asylum to individuals who did not attempt to marry the woman who has, due to pregnancy, caused petitioner to fear persecution from the Chinese government. Zhang, 395 F.3d at 532. Lin has not shown that he attempted to marry his girlfriend in a traditional or official ceremony.

Lin does not brief the issue of withholding of deportation, nor does he brief the issue of relief under the CAT.  By failing to brief these issues, Lin has waived or abandoned them.  Soadjede v. Ashcroft, 324 F.3d 830, 833 (5th Cir. 2003); Calderon-Ontiveros v. I.N.S., 809 F.2d 1050, 1052 (5th Cir. 1986).

PETITION FOR REVIEW DENIED.