QI LE WENG, Petitioner,

v.

Peter D. KEISLER,[1] United States
Attorney General,
Respondent.

No. 06–5803–ag.

United States Court of Appeals,
Second Circuit.

Oct. 3, 2007.

Norman Kwai Wing Wong, New York, NY, for Petitioner.

Peter D. Keisler, Acting Attorney General, Civil Division, Cindy S. Ferrier, Senior Litigation Counsel, Jennifer Keeney, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. THOMAS J. MESKILL, Hon. GUIDO CALABRESI and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Qi Le Weng, a native and citizen of the People's Republic of China, seeks review of a December 1, 2006, order of the BIA affirming the May 6, 2004, decision of Immigration Judge ("IJ") William P. Van Wyke denying Weng's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qi Le Weng*, No. A78 864 399 (B.I.A. Dec. 1, 2006), *aff'g* No. A78 864 399 (Immig. Ct. N.Y. City May 6, 2004).

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA does not adopt the decision of the IJ to any extent, this Court reviews only the decision of the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005); *Jin Yu Lin v. U.S. Dep't of Justice*, 413 F.3d 188, 191 n. 4 (2d Cir. 2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. I.N.S.*, 386 F.3d 66, 73 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice*, 494 F.3d 296, 305 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Manzur v. U.S. Dep't Homeland Sec.*, 494 F.3d 281, 289 (2d Cir.2007). We review *de novo* questions of law, including what quantum of evidence will suffice to discharge an applicant's burden of proof. *See Secaida–Rosales v. I.N.S.*, 331 F.3d 297, 307 (2d Cir.2003).

■ As a preliminary matter, we are not precluded from considering Weng's argument that he demonstrated "other resistance" to the coercive family planning policy, because this argument is an extension of Weng's claim that he qualifies for asylum as the unmarried partner of someone who has been forced to undergo an abortion and that he opposed the family planning policy. *See Gill v. I.N.S.*, 420 F.3d 82, 85–87 (2d Cir.2005). Nevertheless, the argument is unavailing, as Weng's actions do not indicate "other resistance" to the government's family planning policy.

Weng asserts that the following conduct is relevant to his claim: impregnating his girlfriend; living with his girlfriend; their desire to marry and to register such marriage; their attempt to go into hiding when she became pregnant; joining an underground church for consolation; and his failure to pay the imposed fine and write a self-criticism. However, the mere act of impregnating his girlfriend who was subsequently forced to have an abortion does not constitute resistance. *See Shi Liang Lin*, 494 F.3d at 313 (citing *Ru Jian Zhang v. Ashcroft*, 395 F.3d 531, 532 (5th Cir.2004)); *see also Matter of S–L–L–*, 24 I & N Dec. 1, 11 (BIA 2006). In *Matter of S–L–L–*, the BIA defined "resistance" in the context of coercive family planning to cover "a wide range of circumstances, including expressions of general opposition, attempts to interfere with enforcement of government policy in particular cases, and other overt forms of resistance to the requirements of the family planning law." 24 I. & N. Dec. at 10. Here, none of Weng's actions can be construed as overt acts of opposition to the family planning policy. Weng did not claim that he expressed opposition to the policy or attempted to interfere with its enforcement. Weng has thus not asserted any facts demonstrating that he overtly resisted the family planning policy as required under *Matter of S–L–L–* to qualify for asylum eligibility under 8 U.S.C. § 1101(a)(42).

■ However, we find error in the BIA's conclusion that Weng's experiences did not rise to the level of persecution. The BIA found that "the arrest of the respondent by Chinese authorities, followed by the detention for 1 day, a fine, and having to write a self-criticism on account of his participation in an underground church, do not rise to the level of past persecution." In making that finding, however, the BIA failed to consider Weng's assertion that he was beaten while in detention. When determining whether an applicant has demonstrated persecu-

tion, the agency must view events cumulatively, rather than addressing the severity of each event in isolation. *Gjolaj v. Bureau of Citizenship and Immig. Servs.,* 468 F.3d 140, 143 (2d Cir.2006). Furthermore, "a 'minor beating,' or, for that matter, any physical degradation designed to cause pain, humiliation, or other suffering, may rise to the level of persecution if it occurred in the context of an arrest or detention on the basis of a protected ground." *Beskovic v. Gonzales,* 467 F.3d 223, 226 (2d Cir.2006).

Here, Weng indicated that the beating that he endured occurred incident to a detention on account of a protected ground—his activity with an underground Catholic church. However, the BIA failed to include the beating in its evaluation of Weng's harms. This failure was error and frustrates review of the BIA's well-founded fear analysis. *See Tian–Yong Chen v. I.N.S.,* 359 F.3d 121, 129 (2d Cir.2004). Hence, remand is warranted to provide Weng the limited opportunity to testify to the beating in detail so that the BIA may evaluate the credibility of that testimony and determine whether the sum of all the harms that Weng suffered rose to the level of persecution. *See Beskovic,* 467 F.3d at 226.

Because the BIA's inquiry was incomplete, the appropriate course is to grant the petition for review and remand the case to the agency so that it may properly make the past persecution determination in the first instance. *See I.N.S. v. Orlando Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) ("[T]he law entrusts the agency to make the basic asylum eligibility decision.... In such circumstances a 'judicial judgment cannot be made to do service for an administrative judgment.'") (quoting *S.E.C. v. Chenery Corp.,* 318 U.S. 80, 88, 63 S.Ct. 454, 87 L.Ed. 626 (1943)).

For the foregoing reasons, the petition for review is GRANTED and the case is remanded for further proceedings consistent with this order. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).