**ZHI FENG ZHAO, Petitioner,**

v.

**Peter D. KEISLER,[1] United States Attorney General, Respondent.**

No. 07–0100–ag.

United States Court of Appeals, Second Circuit.

Oct. 16, 2007.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Yee Ling Poon; Robert Duk–Hwan Kim, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General; Mark C. Walters, Assistant Director; Melissa Neiman–Kelting, Attorney; Julie M. Iversen, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. B.D. PARKER and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Zhi Feng Zhao, a native and citizen of China, seeks review of a December 22, 2006 order of the BIA affirming the April 18, 2003 decision of Immigration Judge ("IJ") George T. Chew, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhi Feng Zhao,* No. A78 690 230 (B.I.A. Dec. 22, 2006), *aff'g* No. A78 690 230 (Immig. Ct. N.Y. City Apr. 18, 2003). We assume the parties' familiarity with the underlying facts and procedural history in this case.

### I.  Government's Motion

As an initial matter, we must consider the government's motion to remand.[2] The government asserts that remand is appropriate in order for the BIA to articulate its standard of review on remand in light of 8 C.F.R. § 1003.1(d)(3)(iv) and this Court's intervening decision in *Belortaja v. Gonzales,* 484 F.3d 619 (2d Cir.2007). We conclude that remand is unnecessary as there is no indication that the BIA applied an incorrect standard of review. Section 1003.1(d)(3)(iv) "was intended to restrict the 'introduction and consideration of new evidence in proceedings before the [BIA],' BIA Procedural Reforms, 67 Fed.Reg. at 54,891, not the reevaluation of evidence obtained by the IJ previously." *Belortaja,* 484 F.3d at 625. Here, the BIA did not consider any new evidence; instead, it

---

**2.** To the extent the government moves in the alternative to hold these proceedings in abeyance pending our decision in *Shi Liang Lin v. United States Dep't of Justice,* our resolution of that matter renders that motion moot, *see Shi Liang Lin v. United States Dep't of Justice,* 494 F.3d 296 (2d Cir.2007).

merely reevaluated the evidence in the record.

■ We also do not agree with the government's contention that remand is necessary because the BIA failed to address whether Zhao had established a well-founded fear of future persecution. The BIA specifically held that Zhao had failed to demonstrate that, if returned to China, he faced any likelihood of being subjected to detention, serious harm, or threats on account of a protected ground rising to the level of persecution. Absent such evidence, an applicant cannot demonstrate that his alleged fear is objectively reasonable and, therefore, well-founded. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004).

## II. Petition for Review

### A. *Asylum Claim*

"When the BIA issues an opinion, the opinion becomes the basis for judicial review of the decision of which the alien is complaining." *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005) (internal quotations omitted). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin,* 494 F.3d at 305.

Zhao argues that the BIA (1) exceeded its authority by making findings of fact, and (2) erred in finding him ineligible for asylum because he failed to demonstrate past persecution or a. well-founded fear of future persecution on account of his resistance to China's family planning policy. The first argument is without merit. As discussed above, the BIA did not make any findings of fact based on new evidence; it

merely reevaluated evidence already in the record, conduct well within its authority. *See Belortaja,* 484 F.3d at 625; *see also Xian Tuan Ye v. DHS,* 446 F.3d 289, 296 (2d Cir.2006) (holding that BIA's reliance on facts already in record does not constitute improper fact-finding).

■ Similarly meritless is Zhao's argument that he established eligibility for asylum. Zhao claims that his girlfriend's forced abortion constituted past persecution against him due to the close nature of their relationship. He asserts that the abortion may have been performed, in part, on account of his resistance to the family planning policy. Zhao submits that official efforts to arrest him demonstrated that Chinese authorities perceived him to have resisted China's family planning policy by impregnating his girlfriend.

The BIA has defined "resistance" in the context of coercive family planning to cover "a wide range of circumstances, including expressions of general opposition, attempts to interfere with enforcement of government policy in particular cases, and other overt forms of resistance to the requirements of the family planning law." *In re S–L–L–,* 24 I. & N. Dec. 1, 10 (BIA 2006). As this court has ruled, however, "merely impregnating" a partner or spouse, who is subsequently forced to have an abortion, is not alone an act of resistance. *See Shi Liang Lin,* 494 F.3d at 313 (citing *Ru–Jian Zhang v. Ashcroft,* 395 F.3d 531, 532 (5th Cir.2004)). Here, aside from his impregnating of his girlfriend, Zhao alleges no other personal acts of resistance to China's family planning policy. Zhao also has not alleged any facts indicating that his girlfriend resisted family planning authorities in such a manner that her resistance could be imputed to him. *See Shi Liang Lin,* 494 F.3d at 313.

■ Even if Zhao could establish "resistance," he would not merit asylum unless he suffered harm amounting to persecution on account of that resistance. *See In re S–L–L–*, 24 I. & N. Dec. at 10. Although Zhao asserts that his girlfriend's forced abortion constitutes persecution against him because of their close and committed relationship, we cannot conclude that the BIA was compelled to reach this conclusion in light of record evidence that Zhao and his girlfriend did not live together, that he did not see her again after learning that she was pregnant, and he learned of her forced abortion from her mother. *Cf. In re S–L–L–*, 24 I. & N. Dec. at 12 (finding that even an alien who had requested a marriage license, applied for permission to have child, and made plans to flee China with his girlfriend had not demonstrated that he had suffered persecution on account of his girlfriend's forced abortion); *see also Shi Liang Lin*, 494 F.3d at 313.

■ As for feared future persecution, Zhao argues that he fears being detained and beaten for violating the family planning policy. To the extent Zhao insists that such a fear is objectively reasonable on account of past efforts to arrest him, the BIA reasonably rejected this argument in light of Zhao's failure to demonstrate any continued police efforts to locate him or any outstanding arrest warrant. Moreover, as the BIA noted in prior proceedings, country reports do not indicate that men who impregnate their girlfriends are imprisoned or physically harmed in China. It is also important to note that Zhao, who does not have any children, is no longer in violation of China's family planning policy. Thus, the agency's decision that Zhao failed to demonstrate a well-founded fear of persecution is supported by substantial evidence.

## B. Withholding of Removal and CAT Claims

Zhao also challenges the agency's denial of his withholding and CAT claims. Under 8 U.S.C. § 1252(d)(1), we "may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right." This jurisdictional rule is absolute with respect to the requirement that on appeal to the BIA, the alien raise each category of relief subsequently raised in this Court. *See Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir.2006). Here, as Zhao failed to challenge the IJ's denial of his withholding and CAT claims before the BIA, and the BIA did not independently address the merits of those claims, we are without jurisdiction to consider any challenge to the denial of that relief and must dismiss the petition to that extent. 8 U.S.C. § 1252(d)(1).

For the foregoing reasons, the government's motion is DENIED and the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).