CHUN QING CHEN, a.k.a. Jason
Hoang, Petitioner,

v.

Michael B. MUKASEY,[1] Attorney
General, Respondent.

No. 07–4631–ag.

United States Court of Appeals,
Second Circuit.

Sept. 16, 2008.

Jeffrey E. Baron, Baron, Mundie &
Shelkin, P.C., New York, NY, for Petition-
er.

---

1. Pursuant to Federal Rule of Appellate Pro-
cedure 43(c)(2), Attorney General Michael B.
Mukasey is automatically substituted for for-
mer Acting Attorney General Peter D. Keisler
as the respondent in this case.

Gregory G. Katsas, Acting Assistant Attorney General, Civil Division; David V. Bernal, Assistant Director; Lance L. Jolley, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. GUIDO CALABRESI and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Chun Qing Chen, a native and citizen of the People's Republic of China, seeks review of a September 28, 2007 order of the BIA affirming the May 11, 2005 decision of Immigration Judge ("IJ") Sandy K. Hom denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chun Qing Chen a.k.a. Jason Hoang,* No. A 96 395 183 (B.I.A. Sept. 28, 2007), *aff'g* No. A 96 395 183 (Immig. Ct. N.Y. City May 11, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Shu Wen Sun v. BIA,* 510 F.3d 377, 379 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

■ The Government correctly asserts that, even assuming credibility, Chen is not entitled to asylum based on his wife's forced abortion. *See Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 309–10 (2d Cir.2007); *see also Gui Yin Liu v. INS,* 508 F.3d 716, 723 (2d Cir.2007) (noting that, pursuant to *Shi Liang Lin,* "a claim of persecution based *solely* on a forced abortion" brought by someone other than "the individual who has undergone the procedure . . . is doomed").

■ Moreover, Chen has failed to adequately raise a past persecution claim based on his own resistance to China's coercive population control program. 8 U.S.C. § 1101(a)(42)(B). The BIA has stated that the term "resistance" includes, but is not limited to, "expressions of general opposition, attempts to interfere with enforcement of government policy . . . . and other overt forms of resistance to the requirements of the family planning law." *Matter of S–L–L,* 24 I. & N. Dec. 1, 10 (BIA 2006). Although Chen's original claim was based on his wife's forced abortion, the factual record was " 'adequately developed' " with respect to the issue of "resistance." *Shu Wen Sun,* 510 F.3d at 381 n. 5 (quoting *Gui Yin Liu,* 508 F.3d at 723). However, despite having been given the opportunity to testify fully about the circumstances leading up to and following his wife's forced abortion, Chen never alleged that he personally experienced harm. Furthermore, although he conclusorily asserts in his brief to this Court that his "action" amounts to "other resistance," he fails to identify that action. To the extent Chen argues that he resisted China's family planning policy by having a child without permission, we have found that "[m]erely impregnating one's girlfriend is not alone an act of 'resistance.' " *Shi Liang Lin,* 494 F.3d at 313 (quoting *Ru Jian Zhang v. Ashcroft,* 395 F.3d 531, 532

(5th Cir.2004)). Thus, Chen's claim of past persecution based on "other resistance" to a coercive population control program is without merit. *See Matter of S–L–L–,* 24 I. & N. Dec. at 10–11.

■ In light of Chen's failure to establish that he had been subjected to past persecution, he was not entitled to a presumption that he would be subjected to future persecution in China. *See* 8 C.F.R. § 1208.13(b)(1). In this regard, the IJ reasonably found that although the background material may have indicated that Chen violated the family planning policy by having a child prior to marriage, "nothing occurred to him as a result of the violation." Indeed, Chen does not assert in his brief that authorities ever sought to apprehend him in China or that they have any current interest in him. Rather, he contends only that he is presumed to have a well-founded fear in China based on his wife's forced abortion and that he would have an "actual well-founded fear" of persecution in China *"if* they were to attempt to have another child." Given that the documents Chen submitted do not reference forced or mandatory sterilization in particular circumstances and he does not allege what harm he believes he will face, we will not disturb the IJ's conclusion that Chen failed to meet his burden to establish a well-founded fear of persecution based on his family planning claim. *See* 8 U.S.C. § 1158(b)(1)(B); *see also Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir. 2005) (holding that an applicant's fear of persecution was not objectively reasonable because it lacked "solid support" in the record and was merely "speculative at best").

Because Chen was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Lastly, because Chen fails to meaningfully argue in his brief to this Court that he is eligible for CAT relief, and because addressing this argument does not appear to be necessary to avoid manifest injustice, we deem any such argument waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).