**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**December 29, 2004**

**Charles R. Fulbruge III**
**Clerk**

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

Summary Calendar
No. 04-60183

_____

RU-JIAN ZHANG,

Petitioner,

versus

JOHN ASHCROFT,
U. S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order
of the Board of Immigration Appeals

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

JUDGE EDITH H. JONES:

The issue in this case is whether an unmarried, male citizen of the People's Republic of China is entitled to asylum, withholding of deportation, and protection under the Convention Against Torture because his "live-in" girlfriend, a Chinese national living in China, was fined and forced to have an abortion pursuant to China's population control program.

The BIA denied relief on the basis of its decision in Matter of C-Y-Z, 21 I. & N. Dec. 915, 917-18 (BIA 1997), which limits statutory relief for refugees seeking asylum from a foreign

country's coercive population control program[1] to <u>spouses</u>. Zhang and his girlfriend were neither formally nor informally married. For the reasons stated by the Third Circuit in <u>Chen v. Ashcroft</u>, 381 F.3d 221, 224-30 (3rd Cir. 2004), we accord deference to the BIA's determination in this case. We also note that Zhang, lacking spousal status, exhibited no legally cognizable "resistance" to China's population control program — merely impregnating one's <u>girlfriend</u> is not alone an act of "resistance." <u>Id.</u> Finally, the Ninth Circuit's decision in <u>Ma v. Ashcroft</u>, 361 F.3d 553, 558-60 (9th Cir. 2004) is distinguishable because the petitioner there informally married his girlfriend in a "traditional" Chinese ceremony, although they were forbidden from legally registering their marriage.[2] No such "informal" marriage exists in the instant case. Thus, we need not reach the issue raised in <u>Ma</u>.

---

[1]    The amended definition of "refugee" provides, in pertinent part:

For purposes of determinations under this chapter, a person who has been forced to abort a pregnancy or to undergo involuntary sterilization, or who has been persecuted for failure or refusal to undergo such a procedure or for other resistance to a coercive population control program, shall be deemed to have been persecuted on account of political opinion, and a person who has a well founded fear that he or she will be forced to undergo such a procedure or subject to persecution for such failure, refusal, or resistance shall be deemed to have a well founded fear of persecution on account of political opinion.

8 U.S.C.A. § 1101(a)(42)(B).

[2]    In <u>Ma</u>, the court held that "[t]he BIA's refusal to grant asylum to an individual who cannot register his marriage with the Chinese government on account of a law promulgated as part of its coercive population control policy, a policy deemed by Congress to be oppressive and persecutory, contravenes the statute and leads to absurd and wholly unacceptable results." 361 F.3d at 559.

2

Because Zhang has failed otherwise to support his petition for relief due to persecution or torture, we AFFIRM the BIA's denial of relief and DENY a stay of deportation.