**DIAN QIN JIANG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–5260–ag.

United States Court of Appeals, Second Circuit.

Sept. 7, 2007.

Yee Ling Poon, Robert Duk–Hwan Kim, Law Offices of Yee Ling Poon, New York, NY, for Petitioner.

Because the Court did not receive a brief from the respondent within fifteen days of the April 16, 2007 due date specified in the scheduling order issued on March 12, 2007, this case has been decided without the benefit of respondent's brief. See Local Rule § 0.29(d), for respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. REENA RAGGI and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Dian Qin Jiang, a native and citizen of China, seeks review of an October 31, 2006 order of the BIA affirming the August 2, 2005 decision of Immigration Judge ("IJ") Alan L. Page denying Jiang's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jiang,* No. A 79 683 102 (B.I.A. Oct. 31, 2006), *aff'g* No. A 79 683 102 (Immig. Ct. N.Y. City Aug. 2, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005). The Court reviews *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir. 2003).

The BIA reasonably denied Jiang's asylum claim where he failed to allege any facts demonstrating overt resistance to

China's family planning policy or persecution due to such resistance independent of the alleged resistance and persecution of his common law wife. *See Shi Liang Lin v. Gonzales,* 494 F.3d 296, 309–10, 312–13 (2d Cir.2007) (*en banc* ); *In re S–L–L–,* 24 I. & N. Dec. 1, 10 (B.I.A.2006). Jiang's allegation that he did not register his traditional marriage to his common law wife with the Chinese government in order to secretly have a child outside the family planning policy is not the type of overt resistance required to qualify for relief under 8 U.S.C. § 1101(a)(42). *Matter of S–L–L–,* 24 I. & N. Dec. at 10 ("In the context of coercive family planning, the term 'resistance' covers a wide range of circumstances, including expressions of general opposition, attempts to interfere with enforcement of government policy in particular cases, and other overt forms of resistance."); *see also Ru Jian Zhang v. Ashcroft,* 395 F.3d 531, 532 (5th Cir.2004) ("[M]erely impregnating one's *girlfriend* is not alone an act of 'resistance.' ").

■ Jiang also did not assert any personal persecution independent of the alleged forced abortion of his common law wife. *Shi Liang Lin,* 494 F.3d at 308 (holding that applicants must qualify for asylum relief "based on persecution that they themselves have suffered or must suffer"). Jiang argues that remand is required to allow the IJ to make factual findings regarding his claim for asylum based on his alleged resistance, but he points us to no evidence that would support such a finding. The BIA has the authority to review *de novo* the IJ's legal conclusion that Jiang had not established eligibility for asylum under 8 U.S.C. § 1101(a)(42). 8 C.F.R. § 1003.1(d)(3)(ii).

Its conclusion to that effect was not erroneous.

Because Jiang was unable to show the objective likelihood of persecution needed to make out an asylum claim on the basis of any personal resistance to a coercive family planning policy, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal or CAT relief to the extent those claims were based on the same factual predicate as his asylum claim. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Gomez v. INS,* 947 F.2d 660, 665 (2d Cir.1991). Additionally, substantial evidence supports the IJ's determination that Jiang failed to meet his burden of proof for CAT relief on the basis of his alleged illegal departure from China. *See Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 159–60 (2d Cir.2005) (finding that general evidence "that any individual detainee in China may be subjected to repressive conditions in prison" is insufficient to compel a finding that a specific alien would more likely than not be tortured).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).