**XUE ZENG LIN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

**No. 06–5344–ag.**

United States Court of Appeals, Second Circuit.

Feb. 19, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto Gonzales as a respondent in this case.

Charles Christophe, Christophe & Associates, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Russell J.E. Verby, Senior Litigation Counsel, Katharine E. Clark, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, DC, for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. ROBERT A. KATZMANN, and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Xue Zeng Lin, a native and citizen of the People's Republic of China, seeks review of an October 25, 2006, order of the BIA affirming the January 28, 2002, decision of Immigration Judge ("IJ") Paul L. Johnston denying his applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Xue Zeng Lin,* No. A78 745 743 (B.I.A. Oct. 25, 2006), *aff'g* No. A78 745 743 (Immig. Ct. N.Y. City Jan. 28, 2002). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When, as here, the BIA issues an independent decision on remand from this Court, and does not adopt the decision of the IJ, we review the decision of the BIA alone. *See Belortaja v. Gonzales,* 484 F.3d 619, 622–23 (2d Cir.2007). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. I.N.S.,* 386 F.3d 66, 73 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. I.N.S.,* 359 F.3d 121, 129 (2d Cir.2004).

In *In re C–Y–Z–,* the BIA held that the forced sterilization of one spouse on account of a protected ground was an act of persecution against the other spouse, extending *per se* asylum eligibility to legally married spouses of those directly victimized by coercive family planning policies in China. 21 I. & N. Dec. 915, 918 (B.I.A. 1997). We subsequently remanded a case involving a non-married couple in order for the BIA to provide a more detailed explanation regarding asylum eligibility under the Illegal Immigration Reform and Immi-

grant Responsibility Act ("IIRIRA") § 601(a), where the partners in question are not legally married. *See Shi Liang Lin v. U.S. Dep't of Justice,* 416 F.3d 184 (2d Cir.2005) ("*Shi Liang Lin I*"). On remand, the BIA held that *In re C–Y–Z–* applies only to applicants who "are legally married under Chinese law." *In re S–L–L–,* 24 I. & N. Dec. 1, 4 (BIA 2006).

This Court, sitting *en banc,* reviewed the BIA's *In re S–L–L–* decision in *Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296 (2d Cir.2007) ("*Shi Liang Lin II*"). In *Shi Liang Lin II,* we concluded that the statutory scheme under IIRIRA § 601(a) "unambiguously dictates that applicants can become candidates for asylum relief only based on persecution that they themselves have suffered or must suffer." *Id.* at 308. To find otherwise, we determined, "absolve[d] large numbers of asylum applicants of the statutory burden to prove that they have (i) a well-founded fear of persecution (ii) based on an impermissible nexus." *Id.* We acknowledged that to the extent our prior decisions had given deference to the BIA's interpretation in *In re C–Y–Z–* (and, by implication, indicated that such deference was due), those decisions were overruled. *Id.* Thus, we found that the spouse, boyfriend, or fiancé of someone who has been forced to undergo an abortion or sterilization is not *per se* eligible for asylum, but must demonstrate that he has been or will be persecuted on account of "other resistance to a coercive population control program." *Id.* at 309–10.

Lin argues that he merits asylum because he demonstrated other resistance to the coercive population control program, because his "wife was directly victimized by China's coercive population program and [he] was forced to retreat into hiding due to the fact that he feared reprisals for his willful violation of the birth control policy." As the BIA correctly determined, however, Lin fails to specify how he demonstrated "other resistance" to the birth control policy. As we have noted, impregnating one's girlfriend is not, by itself, an act of resistance. *See Shi Liang Lin II,* 494 F.3d at 313 (citing *Ru–Jian Zhang v. Ashcroft,* 395 F.3d 531, 532 (5th Cir.2004)). Because nothing in the record indicates that Lin demonstrated any overt resistance to the family planning program, his asylum claim fails.[2]

Because Lin was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on his claims for withholding of removal and CAT relief, where all three claims were based on the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot.

**2.** In his brief to this Court, Lin does not challenge the BIA's conclusion that the threat of a 5000 RMB fine does not rise to the level of persecution. Therefore, we deem that challenge waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).