XUI RUI DONG, Petitioner,

v.

Michael B. MUKASEY, Attorney General, United States Department of Justice, Respondent.

No. 07–5576–ag.

United States Court of Appeals, Second Circuit.

Sept. 29, 2008.

Norman Kwai Wing Wong, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Civil Division; Greg D. Mack, Senior Litigation Counsel; Surell Brady, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. REENA RAGGI, Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Xui Rui Dong, a native and citizen of the People's Republic of China,

seeks review of a November 30, 2007 order of the BIA affirming the March 1, 2006 decision of Immigration Judge ("IJ") Steven R. Abrams denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xu Rui Dong a.k.a. Xui Rui Dong,* No. A 98 374 967 (B.I.A. Nov. 30, 2007), *aff'g* No. A 98 374 967 (Immig. Ct. N.Y. City Mar. 1, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Shu Wen Sun v. BIA,* 510 F.3d 377, 379 (2d Cir.2007) (per curiam). We review de novo questions of law and the application of law to undisputed fact. *Passi v. Mukasey,* 535 F.3d 98, 101 (2d Cir.2008).

██ The agency properly found that Dong failed to meet his burden of demonstrating eligibility for the relief he sought. Dong was not entitled to asylum based solely on his girlfriend's alleged forced abortion because this Court has held that the definition of "refugee," under 8 U.S.C. § 1101(a)(42), does not extend automatically to partners (legally related or otherwise) of individuals who have been forced to undergo such a procedure. *Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 309–10 (2d Cir.2007) (en banc). As the BIA noted, in order to establish eligibility for relief on family planning grounds, a partner must demonstrate past persecution based on his own "other resistance to a coercive population control program" or

a well-founded fear that he will be subject to persecution for such resistance. *Id.*

In *In re S–L–L–,* 24 I. & N. Dec. 1 (B.I.A.2006), the BIA defined "resistance" in the context of coercive family planning to cover "a wide range of circumstances, including expressions of general opposition, attempts to interfere with enforcement of government policy in particular cases, and other overt forms of resistance to the requirements of the family planning law." *Id.* at 10. Here, Dong's alleged efforts to hide with his girlfriend did not constitute "resistance" because hiding is not an "overt form[ ] of resistance," but instead an effort to avoid the policy's requirements by concealing an unauthorized pregnancy. *See id.*

Moreover, impregnating his girlfriend, who subsequently was forced to have an abortion, was not alone an act of resistance. *See Shi Liang Lin,* 494 F.3d at 313 (citing *Ru Jian Zhang v. Ashcroft,* 395 F.3d 531, 532 (5th Cir.2004)). Dong never asserted that he expressed opposition to China's family planning policy or that he ever confronted family planning officials in an effort to prevent them from taking his girlfriend for an abortion.

██ Because Dong was unable to establish eligibility for asylum, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal and CAT relief because these claims were based upon the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156–57 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.