SHAN ZHU, Petitioner,

v.

BOARD OF IMMIGRATION APPEALS, Respondent.

No. 07–1357–ag.

United States Court of Appeals, Second Circuit.

Nov. 5, 2008.

John Z. Zhang, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division, M. Jocelyn Lopez Wright, Assistant Director, Office of Immigration Litigation, Daniel E. Goldman, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JOSEPH M. McLAUGHLIN and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Shan Zhu, a native and citizen of the People's Republic of China, seeks review of a March 5, 2007 order of the BIA affirming the May 14, 2003 decision of Immigration Judge ("IJ") William F. Jan-

kun denying Zhu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Shan Zhu*, No. A78 864 297 (B.I.A. Mar. 5, 2007), *aff'g* No. A78 864 297 (Immig. Ct. N.Y. City May 14, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As a preliminary matter, Zhu fails to challenge the agency's denial of CAT relief before this Court. Accordingly, we deem any such argument waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

When "the BIA adopts the decision of the IJ and ... supplements the decision, ... we review the decision of the IJ as supplemented by the BIA." *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Tanov v. INS*, 443 F.3d 195, 198 (2d Cir.2006). We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir.2007).

■ There is no error in the BIA's determination that Zhu could not establish eligibility for relief based on his girlfriend's forced abortion. *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 308 (2d Cir.2007) (en banc) ("[T]he statutory scheme unambiguously dictates that applicants can become candidates for asylum relief only based on persecution that they themselves have suffered or must suffer."); *see also In re J–S–*, 24 I. & N. Dec. 520, 521 (B.I.A.2008). Additionally, the BIA properly found that Zhu failed to establish eligibility for relief based on his own resistance to China's family planning policy. *See* 8 U.S.C. § 1101(a)(42). Impregnating

his girlfriend, without more, did not constitute an act of resistance. *See Shi Liang Lin*, 494 F.3d at 313 (citing *Ru Jian Zhang v. Ashcroft*, 395 F.3d 531, 532 (5th Cir.2004)). Moreover, as the agency concluded, the fine imposed on Zhu did not amount to persecution where he did not present any evidence of resulting hardship and admitted before the BIA that he had the ability to pay the fine and, in fact, did so. *See Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 70 (2d Cir.2002); *In re T–Z–*, 24 I. & N. Dec. 163, 173 (B.I.A. 2007).

■ Because Zhu was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on his claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).