**SHI–QI LIN, Petitioner,**

· v.

**Eric H. HOLDER, Attorney General,\* Respondent.**

No. 08–1594–ag.

United States Court of Appeals, Second Circuit.

March 31, 2009.

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder is automatically substituted for former Acting Attorney General Mark R. Filip as Respondent in this case.

**32**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Stuart Altman, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Michelle G. Latour, Assistant Director; Sunah Lee, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Civil Division, Washington, D.C., for Respondent.

PRESENT: Hon. WALKER, Hon. ROSEMARY S. POOLER, and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioner Shi–Qi Lin, a citizen of the People's Republic of China, seeks review of a March 18, 2008 order of the BIA affirming the March 6, 2006 decision of Immigration Judge ("IJ") Sandy K. Hom denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lin Shi–Qi*, No. A98 723 223 (B.I.A. Mar. 18, 2008), *aff'g* No. A98 723 223 (Immig. Ct. N.Y. City, Mar. 6, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review *de novo* questions of law and the application of law to undisputed fact. *Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *Dong Gao v. BIA*, 482 F.3d 122, 126 (2d Cir.2007); *see also* 8 U.S.C. § 1252(b)(4)(B).

We find it unnecessary to review the agency's adverse credibility determination because we agree with its conclusion that, even if credible, Lin failed to carry his burden of proof as to asylum, withholding of removal, and CAT relief. An alien may establish eligibility for asylum by demonstrating past persecution based on his or her own "resistance" to a coercive population control program or a well-founded fear that he or she will be subjected to persecution for such resistance. *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 312–13 (2d Cir.2007) (en banc) (discussing 8 U.S.C. § 1101(a)(42)). The BIA has found that "the term 'resistance' covers a wide range of circumstances, including expressions of general opposition, attempts to interfere with enforcement of government policy in particular cases, and other *overt* forms of resistance to the requirements of the family planning law." *In re S–L–L–*, 24 I. & N. Dec. 1, 10 (B.I.A.2006) (en banc) (emphasis added) (quoted in *Shi Liang Lin*, 494 F.3d at 313). An asylum applicant cannot demonstrate resistance based solely on the fact that his spouse engaged in such resistance, but must show that such resistance would be imputed to the applicant himself. *Shi Liang Lin*, 494 F.3d at 313.

We find no error in the BIA's conclusion that Lin failed to demonstrate that he

suffered past persecution or that he had a well founded fear of persecution on account of his "other resistance" to China's family planning policy. Merely impregnating one's spouse in violation of the policy is not an act of resistance. *See id.* (citing *Ru Jian Zhang v. Ashcroft,* 395 F.3d 531, 532 (5th Cir.2004)). Moreover, misleading authorities about his wife's whereabouts and going into hiding with his wife did not constitute "overt forms of resistance," but were instead efforts to avoid the policy's requirements by concealing an unauthorized pregnancy. *See In re S–L–L,* 24 I. & N. Dec. at 10.

Even assuming that Lin engaged in "other resistance," the BIA properly found that he did not suffer persecution on account of that resistance. *See* 8 U.S.C. § 1101(a)(42); *In re S–L–L,* 24 I. & N. Dec. at 10. As the agency noted, Lin testified that he was never arrested, detained, sterilized, or physically mistreated by the family planning authorities. Although Lin testified that officials threatened to take him into custody if his wife was not at home the next time they came, that threat was unfulfilled. *See Gui Ci Pan v. U.S. Att'y Gen.,* 449 F.3d 408, 412 (2d Cir.2006) (finding that claims "involving 'unfulfilled' threats" don't establish past persecution); *Guan Shan Liao v. U.S. Dep't of Justice,* 293 F.3d 61, 70 (2d Cir.2002) (stating that a "threat of detention . . . itself . . . is not past persecution"). Thus, the record does not reveal any error

in the BIA's findings regarding past persecution. *See Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 341 (2d Cir.2006) (holding that, to constitute persecution, the harm must rise above mere harassment).

Furthermore, Lin failed to demonstrate that he had a well-founded fear of persecution. Although Lin argues before this court that he will face future persecution for his "other resistance" in refusing to pay a fine, he did not make that argument before the BIA. Lin, therefore, has failed to exhaust that argument. *See Foster v. INS,* 376 F.3d 75, 78 (2d Cir.2004) (explaining that in addition to the statutory requirement that petitioners exhaust the categories of relief they seek, 8 U.S.C. § 1252(d)(1), petitioners must also raise to the BIA the specific issues they later raise in this court).**

Because Lin is unable to show the objective likelihood of persecution needed to support an asylum claim, he is also unable to meet the higher standard required to succeed on a claim for withholding of removal and CAT relief.*** *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

---

** Lin does not argue, as he did before the BIA, that he fears future mistreatment based on his plans to have more children in the future. Any such argument is therefore deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir.2005) (issues not sufficiently argued in the briefs are considered abandoned and normally will not be addressed on appeal in the absence of manifest injustice).

*** Lin argues that the IJ violated his due process rights by failing to apply the proper standard in considering his CAT claim; however, the IJ found that Lin had "failed to establish that it would be more likely than not that he would be tortured, if he was forced to return," and the BIA found that Lin had failed to show "that it is more likely than not that he will be tortured. . . ." *In re Lin Shi–Qi,* No. A 98 723 223, at 5. Therefore, the agency applied the proper standard in finding that Lin failed to meet his burden for CAT relief. 8 C.F.R. §§ 1208.16(c), 1208.17.