**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 30, 2009

Charles R. Fulbruge III
Clerk

No. 08-60541
Summary Calendar

JIANG HUI-QING

Petitioner

v.

ERIC H HOLDER, JR, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A94 787 616

Before KING, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:*

Jiang Hui-Qing, a native and citizen of the People's Republic of China, petitions for review of a May 2008 Board of Immigration Appeals (BIA) order. That order affirmed an immigration judge's (IJ) February 2007 denial of Petitioner's application for asylum, withholding of removal, or relief under the Convention Against Torture (CAT).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Having conceded removability as an "alien present in the United States without being admitted or paroled", 8 U.S.C. § 1182(a)(6)(A)(i), Petitioner sought immigration relief based on his claimed persecution, by Chinese officials, for violating and resisting China's family-planning policy. The IJ denied relief, finding: Petitioner was not a credible witness; and, in the alternative, he could not establish eligibility for relief based on his girlfriend's forced abortion because such relief is limited to spouses.

The BIA agreed that Petitioner was not entitled to relief based on his girlfriend's abortion. It also noted that Petitioner may have been eligible for relief based on his own resistance to China's family-planning policies, but found that he had not met his burden of proving eligibility for such relief because he failed to provide credible evidence.

Petitioner challenges the credibility determinations made by the IJ and the BIA, and contends he demonstrated eligibility for relief. Our court reviews the BIA's order and, additionally, the underlying IJ decision where, as in this instance, it had "some impact on the BIA's decision". *Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997). "We review factual findings of the BIA and IJ for substantial evidence, and questions of law *de novo*". *Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007). For substantial-evidence review, "we may reverse a decision on a factual finding only when the evidence *compels* us to do so". *Id.* (emphasis added); *see also Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005) ("[R]eversal is improper unless we decide not only that the evidence supports a contrary conclusion, but also that the evidence *compels* it". (internal quotation marks and brackets omitted) (emphasis in original)).

Petitioner was not entitled to relief based on his girlfriend's abortion because such relief is limited to spouses. *See Zhang v. Ashcroft*, 395 F.3d 531, 532 (5th Cir. 2004). Additionally, concerning his possibly being otherwise eligible for relief, the underlying credibility determinations are supported by substantial evidence. *See Zhang v. Gonzales*, 432 F.3d at 343-44.

Petitioner's testimony, regarding the age his girlfriend became pregnant, details concerning her abortion, and how and when he obtained documents filed in support of his application, was either: internally inconsistent; inconsistent with his written application; or inconsistent with other evidence. In sum, the evidence does not compel a conclusion that Petitioner's testimony was credible. *See Mwembie v. Gonzales*, 443 F.3d 405, 410 (5th Cir. 2006). Along that line, the BIA's holding Petitioner failed to carry his burden of establishing eligibility for asylum, withholding of deportation, or relief under the CAT, is also supported by substantial evidence. *See Chun v. INS*, 40 F.3d 76, 79 (5th Cir. 1994).

DENIED.