SUMMARY ORDER

Petitioner Zhu Hua Li, a native and citizen of the People’s Republic of China, seeks review of the November 19, 2008 order of the BIA affirming the March 23, 2006 decision of Immigration Judge (“IJ”) Barbara A. Nelson denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Zhu Hua Li, No. A098 356 857 (BIA Nov. 19, 2008), aff'g No. A098 356 857 (Immig. Ct. N.Y. City Mar. 23, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
When the BIA issues an independent decision on remand from this Court, we review the BIA’s decision alone. See Belortaja v. Gonzales, 484 F.3d 619, 623 (2d Cir.2007). We review the agency’s factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see Manzur v. Dep’t of Homeland Sec., 494 F.3d 281, 289 (2d Cir.2007). Questions of *733 law and the application of law to undisputed fact are reviewed de novo. See Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008). Here, because the IJ did not make an explicit credibility finding, we presume Li’s credibility for purposes of our review. See 8 U.S.C. § 1158(b)(1)(B)(iii).
As a preliminary matter, because Li does not challenge the agency’s denial of his withholding of removal and CAT claims, we deem those claims waived. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 545 n. 7 (2d Cir.2005)(issues not raised before this Court are waived and will not ordinarily be addressed on appeal).
We have previously determined that, under 8 U.S.C. § 1101(a)(42), an individual is not per se eligible for asylum based on the forced abortion or sterilization of a spouse or partner. Shi Liang Lin v. Dep’t of Justice, 494 F.3d 296, 308 (2d Cir.2007). Rather, “applicants can become candidates for asylum relief only based on persecution that they themselves have suffered or must suffer.” Id. Because Li did not suffer a per se form of persecution, to establish eligibility for relief, he was required to show that: “(1) [he] resisted China’s family planning policy; (2)[he] was persecuted (or has a well-founded fear of persecution); and (3) the persecution was or would be because of [his] resistance to the policy.” Matter of M-F-W & L-G-, 24 I. & N. Dec. 633, 637 (BIA 2008) (emphasis omitted).
Here, the agency reasonably determined that Li failed to demonstrate that he engaged in “resistenee” to China’s family planning policy. Contrary to Li’s argument, the mere existence of that policy cannot suffice as evidence of resistenee, and Li’s wife’s removal of a mandatory IUD was an act she undertook herself and is not attributable to Li for purposes of establishing his eligibility for asylum. See Shi Liang Lin, 494 F.3d at 314. Moreover, neither Li’s limited assistance to his wife’s incident to her IUD removal, nor his impregnating her a second time and then hiding her during her second pregnancy constitutes “other resistance” pursuant to 8 U.S.C. § 1101(a)(42). Id.; see also Ru Jian Zhang v. Ashcroft, 395 F.3d 531, 532 (5th Cir.2004)(“[M]erely impregnating one’s girlfriend is not alone an act of ‘resistance.’”) (emphasis omitted); Matter of S-L-L-, 24 I. & N. Dec. 1 (BIA 2006) (referring to “overt” forms of resistenee).
Finally, the agency reasonably determined that Li’s dismissal from his job did not itself constitute persecution because the resulting loss of income was not a “substantial economic disadvantage,” given that Li provided no evidence that he was barred from seeking other employment. See Guan Shan Liao v. Dep’t of Justice, 293 F.3d 61, 67 (2d Cir.2002); see Matter of T-Z-, 24 I. & N. Dec. 163, 171-75 (BIA 2007) (recognizing that, absent evidence of other economically limiting circumstances, mere dismissal does not constitute economic persecution). Accordingly, the BIA properly determined that Li failed to establish eligibility for asylum.
Li’s remaining arguments are without merit. That the BIA analyzed Li’s application with respect to whether he presented sufficient evidence of an imputed political opinion was not error. See Shi Liang Lin, 494 F.3d at 301 (“Other resistenee” to China’s coercive family planning policy “shall be deemed ... persecution on account of political opinion.”). Additionally, the BIA properly applied its holding in Matter of T-Z- to Li’s case. Li’s reliance on NLRB v. Food Store Employees Union, Local 347 is unavailing. 417 U.S. 1, 10 n. 10, 94 S.Ct. 2074, 40 L.Ed.2d 612 (1974)(addressing when it is appropriate for a federal court to remand to the agency based on an intervening change in agen *734 cy policy) Here, Matter of T-Z- was not an intervening change in agency policy; rather, the BIA relied on Matter of T-Z-in its decision in Li’s case. The BIA has the authority to apply the law as it exists at the time it renders its decision. See 8 C.F.R. § 1003.1(d)(3)(ii). But see Matter of G-D-, 22 I. & N. Dec. 1132, 1133 (BIA 1999) (finding that the BIA may sua sponte reopen proceedings based on a change in law but does so sparingly).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(b).