08-4215-ag
Lin v. Holder

BIA
Nelson, IJ
A200 037 104

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6ᵗʰ day of January, two thousand ten.

PRESENT:

ROGER J. MINER,
JOHN M. WALKER, JR.,
REENA RAGGI,
    *Circuit Judges.*

_____

YUE PING LIN,
    *Petitioner*,

        v.                          08-4215-ag

                                    NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,*
    *Respondent*.

_____

_____

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**FOR PETITIONER:**          Feng Li, Law Offices of Fengling Liu, New York, New York.

**FOR RESPONDENT:**          Tony West, Assistant Attorney General; Carl H. McIntyre Jr., Assistant Director; Regina Byrd, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Yue Ping Lin, a native and citizen of the People's Republic of China, seeks review of a July 30, 2008 order of the BIA, affirming the October 2, 2007 decision of Immigration Judge ("IJ") Barbara A. Nelson, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yue Ping Lin*, No. A200 037 104 (B.I.A. July 30, 2008), *aff'g* No. A200 037 104 (Immig. Ct. N.Y. City Oct. 2, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*,

2

417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008). We review *de novo* questions of law and the application of law to undisputed fact. *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

As an initial matter, despite Lin's failure to raise to the BIA his argument that he demonstrated his eligibility for asylum and withholding of removal on account of his resistance to China's family planning policy, *see* 8 U.S.C. § 1101(a)(42), we consider such argument exhausted because the BIA addressed that issue on appeal. *See Theodoropoulos v. INS*, 358 F.3d 162, 171 (2d Cir. 2004); *see also Xian Tuan Ye v. DHS*, 446 F.3d 289, 296-97 (2d Cir. 2006) (per curiam).

Nonetheless, the BIA did not err in finding that Lin failed to demonstrate past persecution based on his claim of resistance to the family planning policy. *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 313 (2d Cir. 2007) (en banc). The BIA has defined "resistance" in the context of family planning to cover "a wide range of circumstances, including expressions of general opposition, attempts to interfere with enforcement of government policy in

3

particular cases, and other overt forms of resistance to the requirements of the family planning law." *Matter of S-L-L-*, 24 I. & N. Dec. 1, 10 (B.I.A. 2006); *see also Shi Liang Lin*, 494 F.3d at 313. Impregnating one's partner, who subsequently was forcibly sterilized, is not alone an act of resistance. *See Shi Liang Lin*, 494 F.3d at 313 (citing *Ru-Jian Zhang v. Ashcroft*, 395 F.3d 531, 532 (5th Cir. 2004)). Thus, contrary to Lin's assertion, having two children in violation of the family planning policy is not an act of resistance to the family planning policy. *See Shi Liang Lin*, 494 F.3d at 313.

Even assuming that Lin established "resistance," the BIA did not err in finding that he failed to allege harm amounting to persecution on account of that resistance. *See id.* Indeed, contrary to Lin's assertion, he did not demonstrate his eligibility for relief based on his claim of economic persecution because he did not provide any evidence establishing that the fines imposed caused him "severe economic disadvantage." *Matter of T-Z-*, 24 I. & N. Dec. 163, 170-75 (B.I.A. 2007); *see also Guan Shan Liao v. U.S. Dep't. of Justice*, 293 F.3d 61, 70 (2d Cir. 2002). Likewise, Lin's assertion that he suffered an emotional loss

4

as a result of his wife's forced sterilization does not demonstrate that he suffered harm rising to the level of persecution. *See Shi Liang Lin*, 494 F.3d at 309 (recognizing "that an individual whose spouse undergoes, or is threatened with, a forced abortion or involuntary sterilization may suffer a profound emotional loss as a partner and a potential parent," but does not suffer persecution on account of a protected ground solely on account of such forced abortion or involuntary sterilization).

Accordingly, the agency reasonably concluded that Lin failed to establish that he suffered any independent, personal persecution qualifying him for relief. *Id.* Moreover, Lin fails to challenge the agency's determination that he did not demonstrate a well-founded fear of future persecution because his only "argument" regarding this assertion is a single conclusory sentence. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for

5

oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____