10-2732-ag
Jin v. Holder

BIA
Chew, IJ
A098 612 029

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of June, two thousand eleven.

PRESENT:
        ROBERT D. SACK,
        REENA RAGGI,
        PETER W. HALL,
         *Circuit Judges.*

_____

CHUN ZHI JIN,
        *Petitioner,*

        v.                         10-2732-ag
                                    NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Gary J. Yerman, New York, New York.

FOR RESPONDENTS:        Tony West, Assistant Attorney General; Ada E. Bosque, Senior Litigation Counsel; Jonathan Robbins, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Chun Zhi Jin, a native and citizen of China, seeks review of a June 14, 2010, order of the BIA affirming the August 14, 2008, decision of Immigration Judge ("IJ") George T. Chew, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jin*, No. A098 612 029 (B.I.A. June 14, 2010), *aff'g* No. A098 612 029 (Immig. Ct. N.Y. City Aug. 14, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA decision. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). The only matter properly before us is whether Jin met his burden of demonstrating either past persecution or a well-founded fear of future persecution.

Under 8 U.S.C. § 1101(a)(42), an individual is not *per se* eligible for asylum based on the forced abortion or sterilization of a spouse or partner because "applicants can become candidates for asylum relief only based on persecution that they themselves have suffered or must suffer." *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 308 (2d Cir. 2007); *see also Matter of J-S-*, 24 I. & N. Dec. 520, 536-37 (A.G. 2008) (adopting this Court's holding in *Shi Liang Lin*). In the absence of *per se* persecution based on his wife's abortions, Jin was required to show "other resistance to a coercive population control program" and that he was persecuted as a result of that resistance. *Shi Liang Lin*, 494 F.3d at 309-10. The agency reasonably concluded that Jin did not engage in other resistance because impregnating his wife, the only basis Jin asserted, does not satisfy the other resistance requirement. *See Shi Liang Lin*, 494 F.3d at 314-15 (indicating that "other resistance" requirement was not satisfied by impregnation); *see also Ru-Jian Zhang v. Ashcroft,* 395 F.3d 531, 532 (5th Cir. 2004) ("[M]erely impregnating one's girlfriend is not alone an act of 'resistance.'" (emphasis removed)).

Moreover, as the agency determined, Jin was not persecuted after his wife's abortions, or after he rendered medical treatment to his cousin. The harm Jin claims is a one-month suspension of his salary on two occasions, not receiving a year-end bonus on two occasions, and being fired from his job after assisting his cousin. These harms do not demonstrate the "deliberate imposition of a substantial economic disadvantage" required to show persecution. *See Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 67 (2d Cir. 2002). There is no evidence in the record that the suspension of his salary caused Jin "a severe economic disadvantage," and he conceded that after his employment was terminated in 1994, he obtained a position as a doctor at a smaller hospital in China, and remained in the country, working, for another five years. *See Matter of T-Z-*, 24 I. & N. Dec. 163, 173 (BIA 2007); *see also Guan Shan Liao*, 293 F.3d at 67. Accordingly, as the agency concluded, Jin failed to demonstrate that he was subject to economic persecution.

Because the agency reasonably concluded that Jin did not establish past persecution, he is not entitled to a presumption of future persecution, and he makes no argument

4

concerning a fear of future persecution independent from the incidents that occurred in the past. *See* 8 C.F.R. § 1208.16(b)(1); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). Consequently, the agency reasonably concluded that Jin did not meet his burden of establishing a well-founded fear of future persecution and did not err in denying his application for asylum. *See* 8 C.F.R. § 1208.13(b)(1), (2); *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008). Furthermore, because Jin was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Gomez v. INS*, 947 F.2d 660, 665 (2d Cir. 1991).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for

oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk