10-2965-ag
Yang v. Holder

BIA
Chew, IJ
A077 322 698

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of August, two thousand eleven.

PRESENT:
        GUIDO CALABRESI,
        GERARD E. LYNCH,
        RAYMOND J. LOHIER, JR.,
            *Circuit Judges.*
_____

BO YANG, AKA BUO YANG,
        *Petitioner,*

        v.                                    10-2965-ag
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL
        *Respondent.*
_____

FOR PETITIONER:        Gerald Karikari, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Carl H. McIntyre, Jr.,
                       Assistant Director; Christina J.
                       Martin, Trial Attorney, Office of
                       Immigration Litigation, Civil
                       Division, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Bo Yang, a native and citizen of China, seeks review of a June 24, 2010, order of the BIA affirming the December 17, 2007, decision of Immigration Judge ("IJ") George T. Chew denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bo Yang*, No. A077 322 698 (B.I.A. June 24, 2010), *aff'g* No. A077 322 698 (Immig. Ct. N.Y.C. Dec. 17, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the BIA's and the IJ's decisions. *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Yang contends that he established his eligibility for asylum and withholding of removal based on his mistreatment following his girlfriend's abortions under China's family

2

planning policy and his fear of future persecution due to the fact that if returned to China he and his girlfriend will have two children in violation of the policy.

The agency reasonably concluded that any past mistreatment Zhang suffered did not establish his eligibility for asylum or withholding of removal as he did not establish it was on account of a protected ground. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004) (explaining that an applicant for asylum or withholding of removal must show a nexus between his persecution and a protected ground set forth in the Immigration and Nationality Act); 8 U.S.C. § 1101(a)(42) (providing that a person "who has been persecuted . . . for other resistance to a coercive population control program, shall be deemed to have been persecuted on account of political opinion"). The agency reasonably concluded that Yang's impregnation of his girlfriend in violation of the family planning policy, alone, did not establish that he was engaged in "other resistance" to the policy. *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 313 (2d Cir. 2007) (en banc) (explaining that individuals whose spouses have become pregnant in violation of the family planning policy have not

3

through that pregnancy demonstrated their own resistance to China's coercive population control measures used to enforce the policy); *see also Zhang v. Ashcroft*, 395 F.3d 531, 532 (5th Cir. 2004) ("[M]erely impregnating one's *girlfriend* is not alone an act of 'resistance.'"). Yang's contention in his brief that he impregnated his girlfriend in order to resist the family planning policy does not compel a contrary conclusion. *See* 8 U.S.C. § 1252(b)(4)(B).

Yang contends that he has a well-founded fear of persecution because, if returned to China and reunited with his girlfriend, they will have two children in violation of the family planning policy. Yang did not raise this basis for relief before the agency. Accordingly, we will not address the issue. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 n.1, 122 (2d Cir. 2007) (reaffirming that this Court "may consider only those issues that formed the basis for [the BIA's] decision").

Finally, the agency's denial of Yang's application for CAT relief is supported by substantial evidence. The agency reasonably found that Yang did not establish that he would be tortured based on his past violation of the family planning policy as his girlfriend, who also violated the

4

policy and remained in China, had not been tortured. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999). And the agency reasonably concluded that Yang's contention that he would be tortured because he left China illegally did not establish a likelihood of torture as he did not submit any particularized evidence supporting that claim. *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 157-60 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk