Lin v. Holder

BIA
Hom, IJ
A099 661 860

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of April, two thousand twelve.

PRESENT:
> ROSEMARY S. POOLER,
> RICHARD C. WESLEY,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

_____

PING HUA LIN,
> *Petitioner,*

> v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

10-1912-ag
NAC

_____

| | |
|---|---|
| FOR PETITIONER: | G. Victoria Calle, New York, New York. |
| FOR RESPONDENTS: | Tony West, Assistant Attorney General; Lyle D. Jentzer, Senior Litigation Counsel; Jeffrey L. Menkin, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C. |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Ping Hua Lin, a native and citizen of the People's Republic of China, seeks review of an April 16, 2010, order of the BIA, affirming the March 19, 2008, decision of Immigration Judge ("IJ") Sandy Hom, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ping Hua Lin*, No. A099 661 860 (B.I.A. Apr. 16, 2010), *aff'g* No. A099 661 860 (Immig. Ct. N.Y. City Mar. 19, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Lin's asylum claim was based primarily on his wife's forced abortion and his mother's one-day detention. As we have explained, "[a]s a general principle, an asylum

2

applicant cannot claim past persecution based solely on harm that was inflicted on a family member." *Tao Jiang v. Gonzales*, 500 F.3d 137, 141 (2d Cir. 2007). We have also specifically held that a woman's forced abortion does not qualify as *per se* persecution with respect to her spouse. *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 309 (2d Cir. 2007). Although Lin argues that he personally suffered emotional harm due to his wife's forced abortion, the "profound emotional loss as a partner and potential parent . . . . does not change the requirement that we must follow the 'ordinary meaning' of the language chosen by Congress, according to which an individual does not automatically qualify for 'refugee' status on account of a coercive procedure performed on someone else." *Id*. Accordingly, the agency did not err in finding that Lin was not eligible for relief based on his mother's detention and his wife's forced abortion. *See id*.

While a spouse's forced abortion is not *per se* persecution, applicants may base their claims on "persecution that they themselves have suffered or must suffer" on account of their "other resistance" to a coercive family planning policy. *See id.; see also* 8 U.S.C.

3

§ 1101(a)(42). Lin argues that he resisted the family planning policy by conceiving an unauthorized child, and was persecuted on account of his resistance because he was threatened with sterilization and hid from the family planning officials as a result of that threat. However, the agency did not err in finding that Lin failed to demonstrate that he engaged in "other resistance," as he testified that he did not engage in any overt opposition to the family planning policy. *See Ru-Jian Zhang v. Ashcroft*, 395 F.3d 531, 532 (2d Cir. 2004). Moreover, even if Lin's attempt to hide from the family planning officials might be characterized as "other resistance," *see Matter of M-F-W- & L-G-*, 24 I. & N. Dec. 633, 638 (B.I.A. 2008), the agency did not err in finding that he failed to show that he was persecuted on account of his resistance. *See Shi Liang Lin*, 494 F.3d at 313.

Lin testified that he was never arrested or physically mistreated. He argues, however, that he was persecuted because the family planning officials threatened him, causing him to go into hiding. The agency did not err in finding that these experiences did not rise to the level of persecution. *See Gui Ci Pan v. U.S. Attorney Gen.*, 449 F.3d

4

408, 412 (2d Cir. 2006)(noting that courts have "rejected [persecution] claims involving 'unfulfilled' threats"). Because Lin failed to demonstrate that he was persecuted on account of his other resistance, the agency did not err in denying asylum and withholding of removal, as both claims shared the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 154 (2d Cir. 2006). Lin has not challenged the agency's finding that he failed to demonstrate a well-founded fear of future persecution or its denial of CAT relief.

For the foregoing reasons, the petition for review is DENIED.

<div style="margin-left: 40%;">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

</div>

5