10-1468-ag
Zheng v. Holder

BIA
Ferris, IJ
A097 958 474

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of March, two thousand twelve,

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge,*
> ROSEMARY S. POOLER,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges.*

_____

MU REN ZHENG,
> *Petitioner,*

v.                                        10-1468-ag
                                          NAC

ERIC H. HOLDER, JR.,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        G. Victoria Calle, New York, NY.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Terri J. Scadron, Assistant
                       Director; Lisa M. Damiano, Trial
                       Attorney, Office of Immigration
                       Litigation; U.S. Department of
                       Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Mu Ren Zheng, a native and citizen of China, seeks review of a March 22, 2010, decision of the BIA affirming the May 6, 2008, decision of Immigration Judge ("IJ") Noel Ferris, which denied Zheng's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mu Ren Zheng,* No. A097 958 474 (B.I.A. Mar. 22, 2010), *aff'g* No. A097 958 474 (Immig. Ct. N.Y. City May 6, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir. 2008); *Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

As an initial matter, Zheng has waived any challenge to the agency's determination that he failed to demonstrate a well-founded fear of future persecution or his eligibility for withholding of removal or CAT relief. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005). Therefore, we consider only whether Zheng demonstrated past persecution based on "other resistance" to China's family planning policy as required to establish eligibility for asylum.

Zheng's argument that he suffered persecution based on his wife's forced abortion is unavailing, as "applicants can become candidates for asylum relief only based on persecution that they themselves have suffered or must suffer." *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 308 (2d Cir. 2007) (en banc). Zheng further asserts that he was persecuted on account of "other resistance" to China's family planning policy, contending that his actions of conceiving a second child without government authorization and arguing with family planning officials amount to "other resistance." Although individuals whose spouses were forcibly aborted may be entitled to relief where they demonstrate persecution based on their "other

3

resistance to a coercive population control program," *Shao Yan Chen v. U.S. Dep't of Justice*, 417 F.3d 303, 304 n.1 (2d Cir. 2005) (per curiam) (internal quotation marks omitted), merely impregnating one's spouse is not an act of "resistance," *see, e.g., Shi Liang Lin*, 494 F.3d at 313 (*citing Ru-Jian Zhang v. Ashcroft*, 395 F.3d 531, 532 (5th Cir. 2004)); *Matter of S-L-L-*, 24 I. & N. Dec. 1, 11 (2006). As to Zheng's assertion that his argument with the family planning officials constituted "other resistance," Zheng testified repeatedly that the officials would have arrested him even if he had not argued with them. Accordingly, the record does not compel the conclusion that the argument constituted "other resistance" precipitating any subsequent mistreatment. *See Shi Liang Lin*, 494 F.3d at 313 (indicating that, to be eligible for asylum, the spouse of a woman who was forcibly aborted must "prove past persecution or a fear of future persecution for 'resistance' that is *directly related to his . . . own opposition* to a coercive family planning policy") (emphasis added). Because the agency reasonably concluded that Zheng failed to demonstrate other resistance, and that finding is dispositive, we need not reach Zheng's challenge to the

4

agency's finding that his detention did not rise to the level of persecution.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk