Chen v. Barr

BIA
Bukszpan, IJ
A200 731 788

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16ᵗʰ day of July, two thousand twenty.

PRESENT:
            JOHN M. WALKER, JR.,
            DEBRA ANN LIVINGSTON,
            RICHARD J. SULLIVAN,
                *Circuit Judges.*
_____

WEN KAI CHEN,

            *Petitioner,*

            v.                                    17-4101
                                                  NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,

            *Respondent.*
_____

FOR PETITIONER:        Nataliya I. Gavlin, New York, NY.

FOR RESPONDENT:        Joseph H. Hunt, Assistant Attorney
                       General; Derek C. Julius,

Assistant Director; Anthony O. Pottinger, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Wen Kai Chen, a native and citizen of the People's Republic of China, seeks review of a December 8, 2017 decision of the BIA affirming a March 15, 2017 decision of an Immigration Judge ("IJ") denying Chen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Wen Kai Chen,* No. A 200 731 788 (B.I.A. Dec. 8, 2017), *aff'g* No. A 200 731 788 (Immig. Ct. N.Y. City Mar. 15, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review factual findings under the substantial evidence standard and questions of law and the application of law to undisputed facts *de novo*. *See* 8 U.S.C. § 1252(b)(4);

2

*Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

In order to establish his eligibility for asylum, Chen had to show that he (1) engaged in "other resistance" to China's family planning policy and (2) suffered harm rising to the level of persecution or had a well-founded fear of suffering such harm as a direct result of that resistance. *See* 8 U.S.C. § 1101(a)(42); *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 313 (2d Cir. 2007) (en banc). We address both elements in turn.

Other Resistance

"[T]he phrase 'other resistance' is ambiguous and leaves room for the BIA's reasonable interpretation where the applicant relies on something beyond his spouse's or partner's persecution." *Lin*, 494 F.3d at 312. Under *Chevron*, we defer to the agency's reasonable interpretation of ambiguous provisions of the Immigration and Nationality Act. *See id.* at 304; *Chevron U.S.A. Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 842–43 (1984). The agency has previously held that "other resistance" to the policy "can 'cover[] a wide range of circumstances, including expressions of general opposition, attempts to interfere with enforcement

3

of government policy in particular cases, and other overt forms of resistance to the requirements of the family planning law.'" *Lin*, 494 F.3d at 313 (quoting *Matter of S-L-L-*, 24 I. & N. Dec. 1, 10 (B.I.A. 2006)).

Here, the BIA did not independently address whether Chen's actions amounted to "other resistance." The IJ, whose decision was adopted by the BIA, ruled that Chen had not engaged in "other resistance" to the family planning policy because the most significant resistance in the record (unauthorized removal of an IUD) was attributable only to Chen's wife, and Chen had engaged in "one outburst in the heat of the moment" directed to family planning officials, without "decry[ing] the policy more widely" or "mak[ing] any other attempt to undermine the policy." But the IJ did not explain why a single outburst, or one made only "in the heat of the moment" and directed only to the officials carrying out the policy, could not constitute an "overt form of resistance" to the family planning policy. Moreover, even if the IJ had provided a more thorough explanation, "interpretations by individual IJs, even if summarily affirmed by the BIA, are not sufficient to constitute the

4

agency's interpretation," and are not accorded *Chevron* deference. *Ucelo-Gomez v. Gonzales*, 464 F.3d 163, 170 (2d Cir. 2006).

By telling the officers that he believed that the policy was "inhuman" and "killed an innocent life," Chen made an overt, public expression of his opposition to the policy. Although we have found that some altercations with family planning officials do not constitute "other resistance" to the family planning policy, we have done so under circumstances where the applicant did not express any opposition to the policy. *See Chun Bo Dong v. Clement*, 247 F. App'x 255, 257 (2d Cir. 2007) (altercation with family planning officials who seized the applicant's cousin did not constitute "other resistance" where applicant did not express any opposition to the family planning policy to the officials, did not indicate that the officials imputed such opposition to him, and testified that he would have acted in the same manner if officials had sought his cousin for reasons unrelated to the policy); *see also Mu Ren Zheng v. Holder*, 467 F. App'x 73, 74 (2d Cir. 2012) (applicant had not demonstrated persecution *based on* "other resistance" to

5

family planning policy where he argued with the officials, but "testified repeatedly that the officials would have arrested him even if he had not argued with them"). Accordingly, we remand to permit the BIA to more fully interpret the boundaries of what constitutes "other resistance." *See Chevron*, 467 U.S. at 842–43; *Lin*, 494 F.3d at 304, 312; *see also Ucelo-Gomez*, 464 F.3d at 169–72 (remanding to the BIA so that it might clarify the scope of its own precedent).

Persecution

"[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) (internal quotation marks and citation omitted). A valid claim of past persecution may "encompass[] a variety of forms of adverse treatment, including non-life-threatening violence and physical abuse," but the harm must be more severe than "mere harassment." *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 340–41 (2d Cir. 2006) (internal quotation marks and brackets omitted). "'[T]he difference between harassment and persecution is necessarily one of degree,'" which "must

6

be assessed with regard to the *context* in which the mistreatment occurs." *Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir. 2006) (quoting *Ivanishvili*, 433 F.3d at 341). "The BIA must, therefore, be keenly sensitive to the fact that a 'minor beating' or, for that matter, any physical degradation designed to cause pain, humiliation, or other suffering, may rise to the level of persecution if it occurred in the context of an arrest or detention on the basis of a protected ground." *Id.; see also Ivanishvili*, 433 F.3d at 342 (holding that evidence that an applicant has suffered "physical abuse and violence . . . may preclude a finding that the conduct is mere harassment that does not as a matter of law rise to the level of persecution, for violent conduct generally goes beyond the mere annoyance and distress that characterize harassment" (internal citation omitted)). *But see Jian Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011) ("We have never held that a beating that occurs within the context of an arrest or detention constitutes persecution *per se*.").

The IJ reasoned that the beatings Chen experienced did not constitute persecution because they caused only bruises,

which were treated only with ointment, and Chen did not suffer any "serious or lasting physical or emotional pain or suffering." The BIA agreed, explaining that Chen's injuries were less severe than those suffered by the applicant in *Beskovic*, who was also beaten twice during detention. This reasoning is flawed. First, we have cautioned that lasting injuries are not required to establish persecution, particularly in the context of beatings occurring during detention. *See Edimo-Doualla v. Gonzales*, 464 F.3d 276, 283 (2d Cir. 2006) (applicant is not required to demonstrate "permanent or serious injury" to establish persecution); *see also Beskovic*, 467 F.3d at 226. Second, we did not purport to set a floor for the harm that might constitute persecution in *Beskovic* — to the contrary, we held that "any physical degradation designed to cause pain, humiliation, or other suffering" in the context of detention might constitute persecution and remanded for the agency to reconsider whether the beatings in detention constituted persecution. 467 F.3d at 226. Accordingly, the agency erred in concluding that Chen's beatings did not constitute persecution simply because they did not result in serious or lasting injuries and were

8

less severe than the beatings at issue in *Beskovic.* We therefore remand to permit the agency to reconsider its decision with respect to whether Chen demonstrated that he had suffered persecution on account of "other resistance" to the family planning policy. *See Edimo-Doualla*, 464 F.3d at 284.[1]

For the foregoing reasons, the petition for review is GRANTED. All pending motions and applications are DENIED and stays VACATED.

<pre>
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court
</pre>

---

[1] We also remand with respect to Chen's claim for CAT relief because the IJ relied on Chen's failure to satisfy his burden for asylum to deny all forms of relief.